UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

YASMANI GUETE-HERNANDEZ,

Petitioner,

v.                                                          No. 6:26-CV-00147-H

WARDEN, EDEN DETENTION
CENTER,

Respondent.

## ORDER

Petitioner Yasmani Guete-Hernandez, a self-represented immigrant detainee, filed a motion requesting that the Court expedite consideration of his pending habeas petition. Dkt. No. 17. As explained below, the motion is denied.

It is well established that a district court has inherent power to control its docket. *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005). This power authorizes the Court to choose the order in which to hear and decide pending matters. *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998). There is no statutory or constitutional right to the disposition of a habeas motion within a specific time. *See United States v. Samples*, 897 F.2d 193, 194 (5th Cir. 1990) (considering a motion to expedite a motion to vacate sentence under 28 U.S.C. § 2255). 28 U.S.C § 1657 requires that courts expedite matters when good cause is shown. But this requirement is "relative, not specific." *Samples*, 897 F.2d at 194.

The Court appreciates the stakes of this matter for the petitioner and will resolve his petition in due course. That said, the Court has approximately 700 active cases—including nearly 60% of the Northern District of Texas's immigration habeas docket. The Court's

expedited consideration of this petition would thus mean placing other petitions—most of which assert identical claims for relief—on the backburner. The Court will not do so without good cause.

The Court received Petitioner's original petition on April 7, 2026. Dkt. No. 1. The Court promptly issued an order to show cause. Dkt. No. 8. Respondent answered on April 30, 2026, Dkt. Nos. 11; 12, and Petitioner replied, Dkt. No. 13. In support of his motion to expedite, Petitioner argues that the petition is ripe for review and he remains deprived of his liberty while the petition remains pending. *See* Dkt. No. 17.

The petition has been ripe for less than three months, and the Court notes that Petitioner's updated case information on the EOIR website confirms that his immigration appeal remains pending.[1] The Court finds that Petitioner has failed to show good cause for his petition to be considered ahead of older matters and thus denies the motion to expedite. The habeas petition remains pending and will be considered in due course.

So ordered on July 28, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge

---

[1] *See* https://acis.eoir.justice.gov/en/caseInformation (last checked July 27, 2026).