UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

YASMANI GUETE-HERNANDEZ,

                Petitioner,

v.

WARDEN, EDEN DETENTION
CENTER,

                Respondent.

No. 6:26-CV-00147-H

## ORDER

Petitioner Yasmani Guete-Hernandez, a self-represented immigrant detainee, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention in the Eden Detention Center. Dkt. No. 1. He seeks release from detention pending resolution of his removal proceedings, alleging that detention violates his rights under the Due Process Clause of the U.S. Constitution. He also contends that he was unlawfully seized without a warrant during a pretextual traffic stop, in violation of his constitutional rights. *Id.*

Respondent filed a response along with relevant records, urging the Court to deny the petition. Dkt. Nos. 11, 12. Respondent contends that Petitioner is subject to mandatory detention as an arriving alien and applicant for admission under 8 U.S.C. § 1225, so he is ineligible for release. Respondent also argues that Petitioner's detention pending his removal proceedings does not otherwise offend the Due Process Clause, and that Petitioner's unlawful seizure claim must be brought before the immigration court rather than this Court. Petitioner filed a reply, reasserting his claims.

The Court has reviewed Petitioner's pleadings and Respondent's response with the attached records. Based upon the facts and the law set forth in Respondent's response and

supported by the relevant records, the Court finds that Petitioner is not entitled to federal habeas relief. The Court consistently has found, in cases indistinguishable from this one, that applicants for admission like Petitioner are properly detained without bond under Section 1225, and that the Fifth Amendment does not require release under these circumstances.[1] *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

Petitioner's due process claim is not foreclosed by *Buenrostro-Mendez*; however, neither substantive nor procedural due process affords alien petitioners release pending resolution of their removal proceedings. While alien detainees are entitled to due process of law in removal proceedings, detention is a "constitutionally valid aspect of the deportation process," thus comporting with substantive due process. *Zuniga*, 814 F. Supp.3d at 697 (quoting *Demore v. Kim*, 538 U.S. 510, 528 (2003)). In addition, applicants for admission such as Petitioner have "only those rights regarding admission that Congress has provided by statute." *Id.* (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020)). Section 1225 does not provide for bond hearings. *Id.* (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018)). Accordingly, Petitioner is not entitled to a bond hearing—or release—as a matter of procedural due process.

Petitioner further argues that his detention is improper because he was detained without a warrant during a pretextual traffic stop. Habeas is not an appropriate remedy for a warrantless arrest, however. "Habeas has traditionally been a means to secure release from unlawful detention," whereas "suppression of evidence is the typical remedy" for a

---

[1] *See, e.g., Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747 (N.D. Tex. 2026); *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Zuniga v. Lyons*, 814 F. Supp. 3d 685 (N.D. Tex. 2025).

Fourth Amendment violation. *Kanda v. Cole*, __ F. Supp. 3d __, No. 5:26-CV-158, 2026 WL 1014400, at *4 (S.D. Tex. Apr. 10, 2026) (citation modified). In addition, other cases considering Fourth Amendment violations in the removal context occur only after a "petitioner has exhausted [his] administrative remedies through Immigration Court and the Board of Immigration Appeals." *Ruiz v. Olson*, No. 4:26-CV-051, 2026 WL 483478, at *12 (W.D. Ky. Feb. 20, 2026) (collecting cases); *Solis-de Patino v. Pitts*, 823 F. Supp. 2d 457, 464 (W.D. Tex. 2011); *see also De La Paz v. Coy*, 786 F.3d 367, 376–77 (5th Cir. 2015) (detailing the DHS's regulatory scheme to address Fourth Amendment violations). Once Petitioner exhausts his administrative remedies for the purportedly unlawful arrest, he may obtain review in the Fifth Circuit. *See* 8 U.S.C. § 1252(a)(2)(D); *see also Ruiz*, 2026 WL 483478, at *12–13. Today, however, his unlawful seizure claim fails.

The petition for writ of habeas corpus is denied, and this civil action is dismissed.

So ordered.

The Court will enter judgment accordingly.

Dated August ____, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge